UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANNY LAMONT CHAMBERS, and
DONTELL RAYVON-EDDIE SMITH,

        Plaintiffs,

v.

RONALD SANDERS and CITY OF
DETROIT,

        Defendants.
_____/

Case No. 21-cv-10746

Paul D. Borman
United States District Judge

**OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO VACATE CLERK'S ENTRY OF DEFAULT (ECF NO. 13) AND VACATING CLERK'S ENTRIES OF DEFAULT (ECF NOS. 8, 9)**

This is a wrongful conviction case brought by Plaintiffs Danny Lamont Chambers and Dontell Rayvon-Eddie Smith, the children of Danny Burton, whose murder conviction was vacated after witnesses recanted their testimony, against Defendants Ronald Sanders and the City of Detroit. This case is a companion case to the case brought by Danny Burton against the same defendants. *See Burton v. Sanders*, Case No. 20-cv-11948. The Clerk of the Court entered defaults against both defendants in this case. Now before the Court is Defendants Ronald Sanders and City of Detroit's Motion to Vacate Clerk's Entry of Default. (ECF No. 13.) The Court does not believe that oral argument will aid in its disposition of the motion; therefore, it is dispensing with oral argument pursuant to Eastern District of

Michigan Local Rule 7.1(f)(2). For the reasons below, the Court GRANTS Defendants' Motion to Vacate Clerk's Entry of Default.

## I. BACKGROUND

Plaintiffs filed their Complaint on April 1, 2021. (ECF No. 1, Compl.) The Complaint alleges constitutional violations pursuant to 42 U.S.C. §§ 1983 and 1988 (*Brady* violations, malicious prosecution and fabrication of evidence claims, and *Monell* liability), and a claim for intentional infliction of emotional distress. (*Id.*) On April 6, 2021, this case was reassigned to this Court as a companion case to Case No. 20-cv-11948, *Danny Burton v. Ronald Sanders*.

When Defendant Sanders was served with process in this case, at his home, on June 4, 2021, Defendants' counsel promptly reached out to Plaintiffs' counsel that same day, reminding them of Mr. Sanders' representation, waiving personal service, and requesting that all future correspondence be directed to counsel. (Defs.' Mot. at p. 3, PageID.76, citing Ex. 1, June 4, 2021 Email, PageID.85.) Defendants assert that they delayed filing a responsive pleading "so as to file one responsive pleading on behalf of all City Defendants." (*Id.*) Defendants failed to file any responsive pleading, however, due to an "oversight." (*Id.* at p. 2, PageID.75.)

Even though Plaintiffs' counsel was aware that Defendant Sanders was represented by counsel, Plaintiffs filed for entry of default against both defendants, without notifying Sanders' counsel. (*Id.* at p. 4, PageID.77.) Specifically, on July 15,

2021, Plaintiffs filed a Certificate of Service of Summons Executed (ECF No. 5), and also filed requests for clerk's entry of default as to Defendants Ronald Sanders and City of Detroit (ECF Nos. 6, 7). Clerk's entries of default were entered as to both defendants on July 16, 2021. (ECF Nos. 8, 9.)

Defendants assert they were unaware of the entries of default until Plaintiffs' counsel reached out to them on October 7, 2021, via email, to inquire if counsels' failure to defends was an oversight. Defendants assert it was an oversight, and filed this Motion to Vacate Entries of Default the next day, on October 8, 2021. (ECF No. 13, Defs.' Mot.) Defendants argues that the defaults should be set aside because: (1) Plaintiffs cannot demonstrate any unfair prejudice by vacation of the defaults; (2) Defendants have several meritorious defenses; and (3) Defendants have not exercised "culpable conduct." (Defs.' Mot.)

Plaintiffs filed a one-page response to Defendants' motion on October 28, 2021. (ECF No. 18, Pls.' Resp.) Plaintiffs acknowledged that Defendants have extended courtesies to Plaintiffs, but declined to extend that courtesy to a "months-old default." (*Id.*) Plaintiffs state that they "leave[] the issue at hand to the Court's discretion." (*Id.*)

## II.     LEGAL STANDARDS

Federal Rule of Civil Procedure 55(c) allows a district court to "set aside an entry of default for good cause." *See O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340

F.3d 345, 353 (6th Cir. 2003). "'[T]he district court enjoys considerable latitude under the "good cause shown" standard of Rule 55(c)' to grant a defendant relief from a default entry." *United States v. Real Prop., All Furnishings Known as Bridwell's Grocery*, 195 F.3d 819, 820 (6th Cir. 1999) (quoting *Waifersong Ltd. Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992)). As a general rule, Sixth Circuit decisions on Rule 55(c) motions to set aside default are "extremely forgiving to the defaulted party and favor a policy of resolving cases on the merits instead of on the basis of procedural missteps." *United States v. $22,050.00 U.S. Currency*, 595 F.3d 318, 322 (6th Cir. 2010) (collecting cases). The criteria used to determine whether "good cause" has been shown for purposes of setting aside an entry of default are whether: (1) the default was willful (i.e., defendant's culpable conduct led to the default); (2) setting aside the default would prejudice plaintiff; and (3) defendant has a meritorious defense. *O.J. Distrib.*, 340 F.3d at 353 n.3 (6th Cir. 2003) (citing *United Coin Meter Co. v. Seaboard Coastline RR.,* 705 F.2d 839, 844 (6th Cir. 1983)).

### III.   DISCUSSION

Defendants first argue that Plaintiffs will not be prejudiced by vacation of the clerk's entries of default because their claims in this case are derivative of their father Danny Burton's claims in Case No. 20-cv-11948, and Plaintiffs are represented by the same counsel as Mr. Burton. (Defs.' Mot. at pp. 2-3, PageID.75-76.) Defendants

4

assert that the parties have been working together closely on the *Burton* case and have engaged in significant discovery, most of which is directly related to this action as well. (*Id.* at p. 5, pageID.78.) Defendants state that the parties will seek to consolidate the cases if the instant motion is granted. (*Id.*) Plaintiffs do not argue in their response that they would suffer any prejudice if the defaults were set aside, and "leave[s] the issue at hand to the Court's discretion." (Pls.' Resp.) The Court finds that Plaintiff fails to demonstrate that they will suffer any prejudice by setting aside the defaults, and that this factor weighs in favor of granting Defendants' motion and setting aside the entries of default.

Defendants next argue that they have a number of meritorious defenses to Plaintiffs' claims. (Defs.' Mot. at pp, 5-7, PageID.78-80 (listing meritorious defenses.) "[I]n order to establish a 'meritorious defense,' the defendant must state 'a defense good at law' which is sufficient if it contains 'even a hint of a suggestion which, if proven at trial, would constitute a complete defense.'" *Thompson v. American Home Assur. Co.*, 95 F.3d 429, 434 (6th Cir. 1996) (citing *INVST Fin. Grp., Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 399-99 (6th Cir. 1987)). Plaintiffs do not argue in their response that Defendants fail to assert meritorious defenses. The Court finds that Defendants have articulated meritorious defenses that meet the standard of containing "even a hint of a suggestion which, if proven at trial, would constitute a complete defense," *Thompson*, 95 F.3d at 434, and that this factor

weighs in favor of granting Defendants' motion.

Finally, Defendants argue that they have not exercised "culpable conduct" or demonstrated an intent to thwart the judicial proceedings. (Defs.' Mot. at pp. 7-8, PageID.80-81.) Defendants filed the instant motion one day after learning of the defaults, and attribute their counsel's oversight in responding to Plaintiffs' Complaint to their intention to seek to more efficiently proceed in this litigation and the companion *Burton* case. (*Id.*) Plaintiffs again fail to argue to the contrary, and the Court finds no evidence of any willful conduct by Defendants displaying either an intent to thwart the judicial proceedings or a reckless disregard for the effect of their conduct on these proceedings. Accordingly, this factor weights in favor of granting Defendants' motion to vacate.

Sixth Circuit precedent strongly favors "a policy of resolving cases on the merits instead of on the basis of procedural missteps." *United States v. $22,050.00 U.S. Currency*, 595 F.3d at 322. The lack of prejudice to Plaintiffs, as well as the absence of any colorable argument that Defendants' asserted defenses lack merit or that Defendants intended to thwart judicial proceedings, supports the conclusion that the defaults should be set aside pursuant to Rule 55(c). *See Thompson*, 95 F.3d at 434 ("'Any doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on their merits.'") (quoting *Rooks v Am. Brass Co.*, 263 F.2d 166, 169 (6th Cir. 1959)).

After considering the Sixth Circuit's three-factor analysis, Defendants' Motion Vacate Clerk's Entry of Default must be granted.

## IV. CONCLUSION

For the reasons set forth above, the Court hereby **GRANTS** Defendants' Motion to Vacate Clerk's Entry of Default. (ECF No. 13.) The Clerk's Entries of Default (ECF Nos. 8, 9) are hereby **VACATED**, and Defendants shall file a response to Plaintiffs' Complaint on or before **December 17, 2021**.

IT IS SO ORDERED.

                                                s/Paul D. Borman
                                                Paul D. Borman
                                                United States District Judge

Dated: December 7, 2021